UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
ALBERTO BENITEZ,

                                               07 Civ. 2919 (AKH)

                Plaintiff,

                                            REQUEST TO
      - against -                      ENTER DEFAULT

LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,

                          Defendants.
------------------------------------------------------------------------x

TO:    J. MICHAEL MCMAHON, CLERK
       UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK

       Please enter default of Defendants LEMLE & WOLFF, INC., 83 POST AVENUE

ASSOCIATES, LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,

GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA pursuant to Rule 55(a) of the

Federal Rules of Civil Procedure for failure to plead or otherwise defend the above-captioned

action as fully appears from the court file herein and from the attached declaration of Hollis V.

Pfitsch.  A Notation of Default is also provided.


Dated: New York, New York
      May 25, 2007

                          By: _____
                          STEVEN BANKS (SB 0987)
                          Attorney-in-Chief
                          ADRIENE L. HOLDER (AH 1872)
                          Attorney-in-Charge, Civil Practice
                          CHRISTOPHER D. LAMB (CL 8145)
                          Attorney-in-Charge, Staten Island Neighborhood Office
                          THE LEGAL AID SOCIETY

Employment Law Project
HOLLIS V. PFITSCH, of counsel (HP 0522)
199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3465

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
ALBERTO BENITEZ,

                                                                    07 Civ. 2919 (AKH)

                                    Plaintiff,

                                                                    NOTATION OF
                    - against -                                     DEFAULT

LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,

                                    Defendants.
--------------------------------------------------------------------------------x

        I, J. Michael McMahon, Clerk of Court of the United States District Court for the

Southern District of New York, do hereby certify that the defendants have not filed an answer or

otherwise moved with respect to the complaint herein.  The defaults of defendants, LEMLE &

WOLFF, INC., 83 POST AVENUE ASSOCIATES,  LLC, FRANK ANELANTE, JR.,

CHRISTOPHER T. ANELANTE, GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,

are hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.


Dated: New York, New York
       May 25, 2007

                                                    J. MICHAEL MCMAHON
                                                    Clerk of Court



                                    By:_____
                                                    Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ALBERTO BENITEZ,

                                               **07 Civ. 2919 (AKH)**

                   **Plaintiff,**

                                          **DECLARATION**
         **- against -**                         **FOR ENTRY OF**
                                            **DEFAULT**

LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,

                                  **Defendants.**
-------------------------------------------------------------------x
STATE OF NEW YORK    :
                         : ss:
COUNTY OF NEW YORK  :

      HOLLIS V. PFITSCH, an attorney duly admitted to practice law in the state of New

York, hereby declare under the penalty of perjury:

      1.      I am of Counsel to Steven Banks, Esq., Attorney-in-Chief, The Legal Aid

Society, attorneys for Plaintiff Alberto Benitez, in the above-captioned matter, and as such, I am

fully familiar with the facts and circumstances set forth herein.  My knowledge of the facts set

forth in this Declaration is based upon files maintained by this law office in the ordinary course

of business and on the court file.

      2.      I make this declaration in support of Plaintiff's application for the entry of default

against Defendants Lemle & Wolff, Inc., 83 Post Avenue Associates, LLC, Frank Anelante, Jr.,

Christopher T. Anelante, George Sclavis, Rose Santo, & Maria Amanza, ("Defendants"),

pursuant to Federal Rule of Civil Procedure 55(a).

      3.      On April 11, 2007, Plaintiff commenced this action by filing a complaint against

Defendants seeking monetary damages, liquidated damages, and attorneys' fees for violations under the Fair Labor Standards Act, New York State Labor Law, and contract law.  A copy of the complaint is annexed hereto as Exhibit A.

4.    On April 23, 2007, seven copies of the summons and complaint in this action were personally served on the offices of corporate defendants Lemle & Wolff, Inc., and 83 Post Avenue Associates, LLC, at 5925 Broadway, Bronx, New York 10463.  Upon information and belief, this is the actual place of business of all the individual defendants as well as the corporate defendants.  Attached hereto as Exhibit B is a true copy of the summons with an affidavit of service, electronically filed with the Clerk of the Court on May 7, 2007, and filed in hard copy with the Clerk of the Court on May 8, 2007, showing proof of service.

5.    On April 27, 2007, copies of the summons and complaint in this action were served by mail to 5925 Broadway, Bronx, New York 10463, addressed to each of the individual defendants.  Attached hereto as Exhibit C is a true copy of the summons with an affidavit of service, electronically filed with the Clerk of the Court on May 7, 2007, and filed in hard copy with the Clerk of the Court on May 8, 2007, showing proof of service.

6.    The twenty days within which Defendants were required to file an answer or other responsive pleadings passed and said Defendants did not file an answer or responsive pleading.

7.    In accordance with Federal Rule of Civil Procedure 55(a), default should be entered against all Defendants.

Dated: New York, NY
       May 25, 2007

By
       STEVEN BANKS  (SB 0987)
       Attorney-in-Chief
       ADRIENE L. HOLDER (AH 1872)
       Attorney-in-Charge, Civil Practice
       CHRISTOPHER D. LAMB (CL 8145)

Attorney-in-Charge, Staten Island Neighborhood Office
THE LEGAL AID SOCIETY
Employment Law Project
HOLLIS V. PFITSCH (HP 0522)
199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3465

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------x

ALBERTO BENITEZ,

07 CV 2919

Docket No.

Plaintiff,

**COMPLAINT**

- against -

LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,



Defendants.

-------------------------------------------------x

## PRELIMINARY STATEMENT

1.    This action seeks redress for serious transgressions of the federal Fair Labor

Standards Act (FLSA), New York Labor Law, and New York contract law.  In a fundamental

breach of their statutory obligations, Defendants Lemle & Wolff, Inc., 83 Post Avenue

Associates, LLC, Frank Anelante, Jr., Christopher T. Anelante, George Sclavis, Rose Santo, &

Maria Amanza ("Defendants") failed to pay Plaintiff Alberto Benitez ("Plaintiff") overtime

compensation, failed to pay Plaintiff an additional hour of "spread of hours" pay at minimum

wage for every day in which Plaintiff worked more than ten hours, and failed to maintain

adequate and accurate written records for the hours worked and wages earned by plaintiff as

required by both the federal Fair Labor Standards Act and the New York Labor Law.  In

addition, defendants improperly withheld wages for certain projects Mr. Benitez performed on

their request which fell outside his regular duties and for which defendants promised additional

compensation.

1

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under a statute of the United States.

3.    The court has supplemental jurisdiction over Plaintiffs' claims under New York contract law, and the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, pursuant to 28 U.S.C. § 1367 because these claims are so closely related to plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

4.    Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff has consented in writing to become a party to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

## PARTIES

5.    Plaintiff Alberto Benitez resides in New York, New York.

6.    Defendant Lemle & Wolff, Inc., is a real estate management firm operating in upper Manhattan and the Bronx. Lemle & Wolff, Inc., is a registered New York State corporation. Its principal executive office is located at 5925 Broadway, Bronx, New York 10463.

7.    Defendant 83 Post Avenue Associates, LLC, is the owner and landlord of the building in which plaintiff works and lives, 510 West 188th Street, New York, New York 10040. Upon information and belief, its principal executive office is located at 5925 Broadway, Bronx, New York 10463.

8.    Upon information and belief, defendant Frank J. Anelante, Jr., is the Chairman or Chief Executive Officer of Lemle & Wolff, Inc.

9.    Upon information and belief, defendant Christopher T. Anelante is the Director of Field Operations of Lemle & Wolff, Inc.

10.    Upon information and belief, defendant George Sclavis is an executive of Lemle & Wolff, Inc.

11.    Upon information and belief, defendant Rose Santo is a Supervisor at Lemle & Wolff, Inc.

12.    Upon information and belief, defendant Maria Amanza is a Building Manager at Lemle & Wolff, Inc.

13.    At all relevant times, Maria Amanza directly supervised and controlled Plaintiff's day-to-day work.

14.    At all relevant times, Rose Santo supervised the Building Managers, including the work of Maria Amanza. Ms. Santo was involved whenever Mr. Benitez and Ms. Amanza had conflicts. She also gave Mr. Benitez direct orders for additional projects outside his regular duties.

15.    At all relevant times, George Sclavis and Christopher T. Anelante supervised the Supervisors and the Building Managers. Both were involved in meetings between Mr. Benitez, Ms. Amanza, and Ms. Santo. Both were involved in meetings with Mr. Benitez and other superintendents in which they told the superintendents that they would receive payment for certain projects outside their regular duties.

16.    All Defendants were involved in the hiring, supervision, control, and payment of

3

Plaintiff.

## VENUE

17.     Venue is vested in the Southern District of New York pursuant to 28 U.S.C.

§ 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in

this judicial district.

## STATEMENT OF FACTS

18.     Plaintiff Alberto Benitez began working as the superintendent at 510 West 188th

Street in or around 1975. Mr. Benitez is 72 years old. He lives in a basement apartment in the

building.

19.     Mr. Benitez's regular duties as a superintendent included: mopping the building,

taking out the trash, attending to maintenance tasks, cleaning the building and the backyard,

cleaning in front of the building, manually maintaining the water level in the boiler, checking

the boiler regularly, responding to tenant complaints, and performing small plumbing and

electricity jobs.

20.     Although Mr. Benitez was told when he was hired that his work was part-time,

the manager of the building and the out-going superintendent gave Mr. Benitez an orientation to

his work when he began the job and told Mr. Benitez that he should be present at all times in

the building to respond to tenant complaints and deal with emergencies. Initially, Mr. Benitez

worked as the superintendent at the building and also worked a part-time job in the afternoons.

Mr. Benitez's family assisted in fulfilling the on-call requirement by responding to tenant

complaints and cleaning when Mr. Benitez was not there. However, in or around 1994, when

Mr. Benitez became divorced from his wife, he left his other job so that he could complete all of

the superintendent duties himself.

21.    Initially, Mr. Benitez was paid around $70-80 per week. His wages were raised periodically over the years, until in 2006, Mr. Benitez was earning $394.92 per week. Mr. Benitez's paystubs do not list the hours compensated.

22.    In or around 1980, Lemle & Wolff began to manage the building.

23.    Maria Amanza became the building manager for 510 West 188th Street in or around 2004.

24.    Rose Santo became a supervisor for Lemle & Wolff in or around early 2006.

25.    Soon after beginning her job as a building manager, Ms. Amanza informed Mr. Benitez that he was required to work full-time and that his work hours were from 8 a.m. to 5 p.m., Monday through Friday.

26.    Defendants also expected Mr. Benitez to work outside of his scheduled hours and required Mr. Benitez to be constantly present at the building. Mr. Benitez was routinely required to work many hours over forty each week, without receiving any additional compensation, either at his regular rate or in the form of overtime premiums.

27.    Mr. Benitez's regular duties required work in the evenings and on the weekends. For example, the garbage was collected for the building on Mondays. Mr. Benitez spent at least two hours each Sunday cleaning and collecting and preparing all the garbage in the building for the garbage pick-up.

28.    In addition, the building does not have an automatic boiler. For that reason, Mr. Benitez was required to monitor the boiler each day. In the winter, Mr. Benitez had to turn a key every day to maintain the water level. In the summer, Mr. Benitez was required to turn the

key less often. Often, the boiler had to be checked or switched in the evenings.

29.     Mr. Benitez was also required to respond to tenant emergencies at any time. Defendants expected Mr. Benitez to be on-call for tenants at all hours of the day or night. Tenants reported complaints to Mr. Benitez in the evenings and on the weekends. Mr. Benitez typically responded to tenant complaints by investigating the problem immediately and scheduling a time to resolve the issue. Mr. Benitez was usually required to fix problems in the apartments in the evenings or on the weekends because the tenants worked during the day and could not be there to open their apartments for him until the evenings or weekends.

30.     In regular monthly meetings with the superintendents the company employed, defendants George Sclavis and Christopher Anelante informed these employees, including Mr. Benitez, that they would be asked to perform larger projects outside their regular duties in the buildings in which they worked, such as hanging sheetrock, and installing faucets, sinks, or drains, and that they would receive additional compensation for this work. The most recent meeting of this kind was in or around August of 2006.

31.     Directed by Ms. Amanza and Ms. Santo, Mr. Benitez regularly performed larger projects which were outside his regular duties, filled out receipts for this work, and submitted the receipts to Ms. Amanza. For example, Mr. Benitez installed kitchen and bathroom sinks and cabinets, replaced twelve marble steps in the lobby of the building, and applied paint and plaster to the walls in the lobby.

32.     Mr. Benitez did not receive any additional compensation for these projects apart from one time, about three years ago, in which he fixed a major leak by laying new pipe in the basement of the building and was paid $500.

33.    Many of these larger projects which were outside his regular duties had to be done in the evenings or on the weekends when the tenants were in their apartments. Approximately three times a month, Mr. Benitez would be required to perform one of these larger projects on a Saturday, which could take up to five hours, depending on the type of project.

34.    Defendants' failure to pay Plaintiff overtime premiums, spread of hours pay, and the promised additional compensation for larger projects outside his regular duties was willful and in bad faith.  Defendants had no reasonable grounds for believing that their failure to pay was consistent with the Fair Labor Standards Act, the New York Labor Law, or New York contract law.

35.    Although there were no previous complaints about Mr. Benitez's work, and he continues to be capable of performing the work, once Ms. Amanza became the building manager, she continually called him into her office to make unfounded allegations about his work.  She would say, "I have younger supers in other buildings who keep their buildings cleaner."

36.    Ms. Amanza would also frequently say to Mr. Benitez, "You are too old for this job."

37.    Rose Santo once asked Mr. Benitez "Why don't you retire?"

38.    Around September or October of 2006, when Ms. Amanza's harassment of Mr. Benitez increased, and defendants began to talk to him about letting him go, he began to experience insomnia, depression, and back pain radiating from his head to his lower back.  He started going to a doctor and is now receiving medical treatment for these symptoms.

39.    On November 10, 2006, defendants fired Mr. Benitez and told him that he was

7

required to vacate his apartment by January 31, 2007.

40.    After Mr. Benitez was fired, the tenants in the building circulated a petition to the company to demand that he be restored to the position. They asked to meet with the company management, but they received no response. To replace him, the company hired a new superintendent, who is a younger man in his thirties. He had been working as a superintendent at another of the company's buildings, which the company recently sold. The company also hired a porter to do cleaning, so now there are two people employed to do Mr. Benitez's former job.

41.    On January 25, 2007, Mr. Benitez filed a charge of age discrimination to the Equal Employment Opportunity Commission.

42.    Defendants have not posted any notices explaining the New York Labor Law or the Fair Labor Standards Act in the building at 510 W. 188th Street, as required by 29 U.S.C. § 211, 29 C.F.R. § 516.4, New York Labor Law § 661, and 12 N.Y.C.R.R. § 142-2.8.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

43.    Plaintiff repeats and re-alleges paragraphs 1 through 42 above.

44.    Upon information and belief, Defendants were at all relevant times an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 206(b).

45.    Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

8

46.    Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.

47.    Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

48.    The United States Department of Labor calculates unpaid wages and overtime compensation for employees, like plaintiff, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week. If that figure is less than the minimum wage of $5.15, the employee is owed the difference for all hours up to 40 per week. If the employee worked more than 40 hours per week, the employee is also owed one and one-half times the weekly wage (or times the minimum wage, if the weekly wage is less than the minimum wage) for all hours above 40 per week. Additional liquidated damages are due in an amount equal to the total unpaid minimum wages and unpaid overtime compensation.

49.    Defendants' willful failure to pay plaintiff overtime premiums violated the Fair Labor Standards Act.

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW: OVERTIME

50.    Plaintiff repeats and re-alleges paragraphs 1 through 49.

51.    Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for hours over forty at a wage rate of one and one-half times the

9

employee's regular rate in the manner and methods provided in the FLSA.  12 N.Y.C.R.R. §

142-2.2.

52.    Pursuant to New York Labor Law §§ 198.1-a and 663, an employer who

willfully fails to pay wages shall be liable, in addition to the amount of any under-payments, for

liquidated damages equal to twenty-five percent of the total of such under-payments found to be

due him.

53.    Defendants' willful failure to pay plaintiff overtime premiums violated the New

York Labor Law.

## THIRD CLAIM FOR RELIEF:
### NEW YORK LABOR LAW: SPREAD OF HOURS

54.    Plaintiff repeats and re-alleges paragraphs 1 through 53.

55.    Defendants willfully failed to pay plaintiff an extra hour's pay at minimum wage

for every day that plaintiff worked in excess of ten hours, in violation of New York Labor Law

§§ 190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12

N.Y.C.R.R. § 142-2.4.

56.    Plaintiff is entitled to an award of an extra hour's pay for every day that he

worked in excess of ten hours, as well as liquidated damages, in an amount to be determined at

trial, pursuant to New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and New York State

Department of Labor regulations, 12 N.Y.C.RR. § 142-2.4.

## FOURTH CLAIM FOR RELIEF:
### NEW YORK LABOR LAW: UNPAID WAGES

57.    Plaintiff repeats and re-alleges paragraphs 1 through 56.

58.    Plaintiff performed work upon Defendants' request outside his regular hours and

duties.

59.    For work performed outside plaintiff's regular duties, Defendants promised

additional compensation above plaintiff's regular rate of pay.

60.    Defendants willfully failed to record, credit, or compensate all hours and duties

performed by Plaintiff.

61.    By Defendants' failure to pay Plaintiff his wages for all hours worked and all work

performed, it has willfully violated the New York Labor Law Article 6, §§ 190 *et seq.*, and

Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

Plaintiff is therefore entitled to an award of the unpaid wages and liquidated damages, in an

amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF:**
**MAINTENANCE OF EMPLOYMENT RECORDS**

62.    Plaintiff re-alleges and repeats paragraphs 1 through 61.

63.    Upon information and belief, defendants intentionally failed to maintain

adequate and accurate written records for the hours worked and wages earned by plaintiff in

order to facilitate their exploitation of plaintiff's labor.

64.    Defendants' knowing and intentional acts constitute a violation of 29 U.S.C.

§ 211(c) and 29 C.F.R. § 516.2.

65.    Defendants' knowing and intentional acts constitute a violation of New York

Labor Law § 195(4) and 12 N.Y.C.R.R. § 142-2.6.

66.    As a result of the foregoing, plaintiff has been injured, and defendants have

profited thereby, in an amount to be proven at trial.

11

## SIXTH CLAIM OF RELIEF:
## BREACH OF CONTRACT

67.    Plaintiff repeats and re-alleges paragraphs 1 through 66.

68.    Defendants promised to pay Plaintiff for additional projects above and beyond his regular duties.

69.    The value of Plaintiff's labor on each of the additional projects defendants' required him to perform and defendants' promised to pay remains due and owing to Plaintiff pursuant to an oral contract between the parties.

70.    Defendants have failed and refused to pay to Plaintiff the amount owed to him for these projects.

71.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined by the Court, plus interest thereon, for which Defendants are liable.

## SEVENTH CLAIM FOR RELIEF;
## QUANTUM MERUIT

72.    Plaintiff repeats and re-alleges paragraphs 1 through 71 above.

73.    In the alternative, even if Defendants did not actually contract to pay Plaintiff for his labor, Plaintiff conferred the benefit of his labor to Defendants in good faith and with the expectation of payment, the Defendants accepted the benefit of his work, and Defendants deliberately failed to pay him the reasonable value of his work.

74.    Defendants were unjustly enriched by their deliberate and intentional exploitation of Plaintiff's labor.

75.    As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby.

**WHEREFORE**, plaintiff demands judgment:

1. Awarding unpaid wages, overtime pay, and spread-of-hours pay, plus liquidated damages, pursuant to 29 U.S.C. §§ 207, 216(b); New York Labor Law §§ 190, *et seq*, 198, 652(1), 650, 663; and 12 N.Y.C.RR. § 142-2.4;

2. Awarding pre-judgment interest;

3. Awarding reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b); and New York Labor Law §§ 198, 663;

4. Declaring that defendants' failure to maintain adequate records was a violation of 29 U.S.C. §§ 211(c), 215(a)(5); 29 C.F.R. § 516.2; New York Labor Law § 195(4); and 12 N.Y.C.R.R. § 142-2.6.

5. Awarding damages in an amount to be proven at trial for defendants' failure to maintain adequate records;

6. Ordering defendants to pay Plaintiff damages in an amount to be determined pursuant to the oral contract between the parties, plus interest thereon;

7. Ordering defendants to pay Plaintiff damages in an amount to be determined based on the reasonable value of the work they required him to do and the benefit they accepted, plus interest thereon;

8. Awarding such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      April 10, 2007

By: _____

STEVEN BANKS  (SB 0987)
Attorney-in-Chief
ADRIENE L. HOLDER (AH  1872)
Attorney-in-Charge, Civil Practice
CHRISTOPHER D. LAMB (CL 8145)
Attorney-in-Charge, Staten Island Neighborhood Office
THE LEGAL AID SOCIETY
Employment Law Project
Hollis V. Pfitsch, Esq., of counsel (HP 0522)
199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3465

14

**SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION**

I, Alberto Benitez, hereby consent to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
      April 4, 2007

_____
Alberto Benitez

Sworn to before me this 4th day of
April, 2007

_____
NOTARY PUBLIC

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975295
Qualified in Kings County
Commission Expires December 3, 19 2010

**AFFIDAVIT OF TRANSLATION**

I, Hollis V. Pfitsch, certify that I am fluent in both Spanish and English and that I have correctly and accurately translated the complaint and this document from English to Spanish, and that the plaintiff, Alberto Benitez, has assured me that he understands these documents.

Dated: New York, New York
      April 4, 2007

_____
Hollis V. Pfitsch

Sworn to before me this 4th day of
April, 2007

_____
NOTARY PUBLIC

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975295
Qualified in Kings County
Commission Expires December 3, 19 2010

# Exhibit B

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

ALBERTO BENITEZ,

## SUMMONS IN A CIVIL CASE

V.

LEMLE & WOLFF, INC, 83 POST AVE. ASSOC.,
LLC, FRANK ANELANTE, JR, CHRISTOPHER T.
ANELANTE, GEORGE SCLAVIS, ROSE SANTO,
& MARIA AMANZA

CASE NUMBER:

 07 CV 2919

## Judge Hellerstein

TO: (Name and address of defendant)

Lemle & Wolff, Inc., 83 Post Ave. Assoc., LLC, Frank Anelante, Jr., Christopher T.
Anelante, George Sclavis, Rose Santo, & Maria Amanza
5925 Broadway
Bronx, New York 10463

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Hollis V. Pfitsch, of counsel
THE LEGAL AID SOCIETY
Employment Law Project
199 Water Street, 3rd Floor
New York, New York 10038
212-577-3465

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

_____
CLERK

_Marios Quintero_

(BY) DEPUTY CLERK

DATE APR 1 1 2007

FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ALBERTO BENITEZ,

                                07 Civ. 2919 (AKH)

                 Plaintiff,

                                **AFFIDAVIT OF**
                                **SERVICE**

      - against -

**LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,**

                 Defendants.
-----------------------------------------------------------------------x

STATE OF NEW YORK    )

COUNTY OF NEW YORK ) ss.:


    1.     The undersigned, being duly sworn, says: I am an employee of The Legal Aid

Society, located at 953 Southern Blvd., Bronx, NY 10459. I am not a party to the action and am

over 18 years of age.

    2.     On **April 23, 2007, at approximately 11:30 am.,** I served the Summons and

Complaint in this action by delivering seven true copies thereof personally to the offices of

Lemle & Wolff, Inc, and 83 Post Avenue Associates, LLC, at 5925 Broadway, Bronx, New York

10463. I gave the copies to the receptionist, who told me her name was Janice. She has light

brown skin, brown hair, is approximate 36-50 years of age, between 5'4" and 5'8" tall, and

weights approximate 100-130 pounds.

    3.     I declare under penalty of perjury under the laws of the United States of America

that the foregoing information contained in this Affidavit of Service is true and correct.

_____

Pedro Caban

Sworn to before me on
the 2 day of May, 2007

NOTARY PUBLIC

LOUIS R. ULLRICH
Notary Public, State of New York
No. 03-4673940
Qualified in Bronx County
Commission Expires March 30, 19 2007
1-31

# Exhibit C

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

ALBERTO BENITEZ,

## SUMMONS IN A CIVIL CASE

### V.

LEMLE & WOLFF, INC, 83 POST AVE. ASSOC.,
LLC, FRANK ANELANTE, JR, CHRISTOPHER T.
ANELANTE, GEORGE SCLAVIS, ROSE SANTO,
& MARIA AMANZA

CASE NUMBER:

 07 CV 2919

## Judge Hellerstein

TO: (Name and address of defendant)

Lemle & Wolff, Inc., 83 Post Ave. Assoc., LLC, Frank Anelante, Jr., Christopher T.
Anelante, George Sclavis, Rose Santo, & Maria Amanza
5925 Broadway
Bronx, New York 10463

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Hollis V. Pfitsch, of counsel
THE LEGAL AID SOCIETY
Employment Law Project
199 Water Street, 3rd Floor
New York, New York 10038
212-577-3465

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

_____
CLERK

_Marcos Quintero_

_____
(BY) DEPUTY CLERK

DATE APR 1 1 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

ALBERTO BENITEZ,                                                    07 Civ. 2919 (AKH)

                              Plaintiff,

                                                                   **AFFIDAVIT OF**
                                                                   **SERVICE**
          - against -                                              **BY MAIL**

**LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,**
**LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,**
**GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,**

                              Defendants.
-----------------------------------------------------------------------------x

STATE OF NEW YORK     )

COUNTY OF NEW YORK ) ss.:

          The undersigned, being duly sworn, deposes and says:  I am an employee of The Legal
Aid Society, 199 Water Street, 3rd Floor, New York, New York, 10038.  I am over 18 and am not
a party in this case.  On the date given below, I mailed to the person/entity identified below a
true copy of the within papers by depositing them in a post office of official depository under the
exclusive care of the U.S. Postal Service within the State in a properly stamped envelope
addressed as stated below.

          DATE OF MAILING: April 27, 2007
          TYPE OF MAILING: First Class
          PERSON/ENTITY TO WHOM MAILED: Frank Anelante, Jr.
          ADDRESS: 5925 Broadway, Bronx, New York 10463

                                                        HOLLIS V. PFITSCH

Sworn to before me this day,
April 27, 2007

          Notary Public

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975295
Qualified in Kings County
Commission Expires December 3, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

ALBERTO BENITEZ,

07 Civ. 2919 (AKH)

Plaintiff,

**AFFIDAVIT OF
SERVICE
BY MAIL**

- against -

**LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,**

Defendants.

-------------------------------------------------------------------------------x

STATE OF NEW YORK    )

COUNTY OF NEW YORK ) ss.:

     The undersigned, being duly sworn, deposes and says:  I am an employee of The Legal Aid Society, 199 Water Street, 3rd Floor, New York, New York, 10038.  I am over 18 and am not a party in this case.  On the date given below, I mailed to the person/entity identified below a true copy of the within papers by depositing them in a post office of official depository under the exclusive care of the U.S. Postal Service within the State in a properly stamped envelope addressed as stated below.

     DATE OF MAILING: April 27, 2007
     TYPE OF MAILING: First Class
     PERSON/ENTITY TO WHOM MAILED: Christopher T. Anelante
     ADDRESS: 5925 Broadway, Bronx, New York 10463

HOLLIS V. PFITSCH

Sworn to before me this day,
April 27, 2007

Notary Public

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975295
Qualified in Kings County
Commission Expires December 3, 18 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

ALBERTO BENITEZ,

                                                                 07 Civ. 2919 (AKH)

                          Plaintiff,

                                                    **AFFIDAVIT OF**
                                                    **SERVICE**

        - against -                                               **BY MAIL**

**LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,**

                           Defendants.

------------------------------------------------------------------------x

STATE OF NEW YORK     )

COUNTY OF NEW YORK ) ss.:

         The undersigned, being duly sworn, deposes and says: I am an employee of The Legal
Aid Society, 199 Water Street, 3rd Floor, New York, New York, 10038. I am over 18 and am not
a party in this case. On the date given below, I mailed to the person/entity identified below a
true copy of the within papers by depositing them in a post office of official depository under the
exclusive care of the U.S. Postal Service within the State in a properly stamped envelope
addressed as stated below.

         DATE OF MAILING: April 27, 2007
         TYPE OF MAILING: First Class
         PERSON/ENTITY TO WHOM MAILED: George Sclavis
         ADDRESS: 5925 Broadway, Bronx, New York 10463

                                                       HOLLIS V. PFITSCH

Sworn to before me this day,
April 27, 2007

         Notary Public

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4675935
Qualified in Kings County
Commission Expires December 3, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

ALBERTO BENITEZ,

07 Civ. 2919 (AKH)

Plaintiff,

**AFFIDAVIT OF
SERVICE
BY MAIL**

- against -

**LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,**

Defendants.

---------------------------------------------------------------------------x

STATE OF NEW YORK    )

COUNTY OF NEW YORK ) ss.:

    The undersigned, being duly sworn, deposes and says:  I am an employee of The Legal Aid Society, 199 Water Street, 3rd Floor, New York, New York, 10038.  I am over 18 and am not a party in this case.  On the date given below, I mailed to the person/entity identified below a true copy of the within papers by depositing them in a post office of official depository under the exclusive care of the U.S. Postal Service within the State in a properly stamped envelope addressed as stated below.

        DATE OF MAILING: April 27, 2007
        TYPE OF MAILING: First Class
        PERSON/ENTITY TO WHOM MAILED: Rose Santo
        ADDRESS: 5925 Broadway, Bronx, New York 10463

                                    _____
                                                HOLLIS V. PFITSCH

Sworn to before me this day,
April 27, 2007

_____
    Notary Public

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975296
Qualified in Kings County
Commission Expires December 3, 1820 1 0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

ALBERTO BENITEZ,

                               07 Civ. 2919 (AKH)

                      Plaintiff,

                               **AFFIDAVIT OF**
                               **SERVICE**
        - against -                **BY MAIL**

**LEMLE & WOLFF, INC., 83 POST AVENUE ASSOCIATES,
LLC, FRANK ANELANTE, JR., CHRISTOPHER T. ANELANTE,
GEORGE SCLAVIS, ROSE SANTO, & MARIA AMANZA,**

                      Defendants.
-----------------------------------------------------------------------------x

STATE OF NEW YORK    )

COUNTY OF NEW YORK )  ss.:

      The undersigned, being duly sworn, deposes and says:  I am an employee of The Legal
Aid Society, 199 Water Street, 3rd Floor, New York, New York, 10038.  I am over 18 and am not
a party in this case.  On the date given below, I mailed to the person/entity identified below a
true copy of the within papers by depositing them in a post office of official depository under the
exclusive care of the U.S. Postal Service within the State in a properly stamped envelope
addressed as stated below.

               DATE OF MAILING: April 27, 2007
               TYPE OF MAILING: First Class
               PERSON/ENTITY TO WHOM MAILED: Maria Amanza
               ADDRESS: 5925 Broadway, Bronx, New York 10463

                                              HOLLIS V. PFITSCH

Sworn to before me this day,
April 27, 2007

Notary Public

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4375285
Qualified in Kings County
Commission Expires December 3, 2010