UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                          :

ALBERTO BENITEZ,                       :
                                       : Civil Action No: 07 CV 2919 (AKH)

                Plaintiff,        :
                                         :

        - against -                :

LEMLE & WOLFF, INC., 83 POST AVENUE   :  **ANSWER**
ASSOCIATES, LLC, FRANK ANELANTE, JR.,   :
CHRISTOPHER T. ANELANTE,          :
GEORGE SCLAVIS, ROSE SANTO, &      :
MARIA AMANZA,                     :

                    Defendants.     :
                                         :
-------------------------------------------------------------- x

           Defendants, Lemle & Wolff, Inc., 83 Post Avenue Associates, LLC, Frank Anelante,

Jr., Christopher T. Anelante, Rose Santo, George Schlavis, and Maria Almanzar, s/h/a George

Sclavis and Maria Amanza, by and through their attorneys, Clifton Budd & DeMaria, LLP and

Howard I. Rothschild, Esq., answer the Complaint in the above-captioned matter as follows:

**PRELIMINARY STATEMENT**

      1.      Deny the allegations contained in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

      2.      Admit the allegations contained in paragraph 2 of the Complaint.

      3.      Admit the allegations contained in paragraph 3 of the Complaint.

      4.      Deny the allegations contained in paragraph 4 of the Complaint.

**PARTIES**

      5.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 5 of the Complaint.

6.      Admit the allegations contained in paragraph 6 of the Complaint.

7.      Admit the allegations contained in paragraph 7 of the Complaint.

8.      Admit the allegations contained in paragraph 8 of the Complaint.

9.      Admit the allegations contained in paragraph 9 of the Complaint.

10.     Deny that Schlavis is spelled Sclavis; except as so denied, admit the remaining allegations contained in paragraph 10.

11.     Admit the allegations contained in paragraph 11 of the Complaint.

12.     Deny that Almanzar is spelled Amanza; except as so denied, admit the remaining allegations contained in paragraph 12.

13.     Deny that Almanzar is spelled Amanza; except as so denied, admit the remaining allegations contained in paragraph 13 of the Complaint.

14.     Admit that Rose Santo supervised building managers including, Maria Almanzar and that Ms. Santo is involved in supervising Plaintiff; except as so admitted, deny the remaining allegations contained in paragraph 14 of the Complaint.

15.     Admit that George Schlavis and Christopher T. Anelante supervised the supervisors and building managers; except as so admitted, deny the remaining allegations contained in paragraph 15 of the Complaint.

16.     Deny the allegations contained in paragraph 16 of the Complaint.

**<u>VENUE</u>**

17.     Admit the allegations contained in paragraph 17 of the Complaint.

## STATEMENT OF FACTS

18.    Admit that Plaintiff lived in a basement apartment in the building; deny knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Benitez is 72 years old; deny the remaining allegations contained in paragraph 18 of the Complaint.

19.    Deny the allegations contained in paragraph 19 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to whether Mr. Benitez became divorced from his wife and left his other job so that he could complete all of the superintendent duties himself; admit that when Mr. Benitez began his employment, he worked part-time at the building; deny the remaining allegations contained in paragraph 20 of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to whether Mr. Benitez was paid around $70.00 to $80.00 per week when he began his employment; admit that in 2006, Mr. Benitez was earning $394.92 per week; deny the remaining allegations contained in paragraph 21 of the Complaint.

22.    Admit the allegations contained in paragraph 22 of the Complaint.

23.    Deny the allegations contained in paragraph 23 of the Complaint.

24.    Admit the allegations contained in paragraph 24 of the Complaint.

25.    Deny the allegations contained in paragraph 25 of the Complaint.

26.    Deny the allegations contained in paragraph 26 of the Complaint.

27.    Deny the allegations contained in paragraph 27 of the Complaint.

28.    Deny the allegations contained in paragraph 28 of the Complaint.

29.    Admit that Mr. Benitez is called to respond to emergencies; except as so admitted, deny the remaining allegations contained in paragraph 29 of the Complaint.

30.    Deny the allegations contained in paragraph 30 of the Complaint.

31.    Deny the allegations contained in paragraph 31 of the Complaint.

32.    Deny the allegations contained in paragraph 32 of the Complaint.

33.    Deny the allegations contained in paragraph 33 of the Complaint.

34.    Deny the allegations contained in paragraph 34 of the Complaint.

35.    Deny the allegations contained in paragraph 35 of the Complaint.

36.    Deny the allegations contained in paragraph 36 of the Complaint.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.    Admit the allegations contained in paragraph 39 of the Complaint.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Deny the allegations contained in paragraph 41 of the Complaint.

42.    Deny the allegations contained in paragraph 42 of the Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

43.    Defendants repeat and re-allege the answers set forth in paragraph 1 through 42, as fully set forth herein.

44.    Deny the allegations contained in paragraph 44 of the Complaint.

45.    The Fair Labor Standards Act speaks for itself; accordingly, Defendants deny the allegations contained in paragraph 45 of the Complaint because they call for a legal conclusion.

46.    The Fair Labor Standards Act speaks for itself; accordingly, Defendants deny the allegations contained in paragraph 46 of the Complaint because they call for a legal conclusion.

47.    The Fair Labor Standards Act speaks for itself; accordingly, Defendants deny the allegations contained in paragraph 47 of the Complaint because it calls for a legal conclusion.

48.    Deny the allegations contained in paragraph 48 of the Complaint.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW:  OVERTIME

50.    Defendants repeat and reallege the answers set forth in paragraphs 1 through 49 of the Answer, as fully set forth herein.

51.    The regulations issued by the State Commissioner of Labor speak for themselves; accordingly, Defendants deny the allegations contained in paragraph 51 of the Complaint because they call for a legal conclusion.

52.    The New York Labor Law speaks for itself; accordingly, Defendants deny the allegations contained in paragraph 52 of the Complaint because they call for a legal conclusion.

53.    Deny the allegations contained in paragraph 53 of the Complaint.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW:  SPREAD OF HOURS

54.    Defendants repeat and reallege the answers set forth in paragraph 1 through 53 of the Answer, as fully set forth herein.

55.    Deny the allegations contained in paragraph 55 of the Complaint.

56.    Deny the allegations contained in paragraph 56 of the Complaint.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW:  UNPAID WAGES

57.    Defendants repeat and reallege the answers set forth in paragraph 1 through 56 of the Answer, as fully set forth herein.

58.    Deny the allegations contained in paragraph 58 of the Complaint.

59.    Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

## FIFTH CLAIM FOR RELIEF
## MAINTENANCE OF EMPLOYMENT RECORDS

62.     Defendants repeat and reallege the answers set forth in paragraph 1 through 61 of the

Answer, as fully set forth herein.

63.     Deny the allegations contained in paragraph 63 of the Complaint.

64.     Deny the allegations contained in paragraph 64 of the Complaint.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint.

## SIXTH CLAIM FOR RELIEF:
## BREACH OF CONTRACT

67.     Defendants repeat and reallege the answers set forth in paragraph 1 through 66 of the

Answer, as fully set forth herein.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny the allegations contained in paragraph 70 of the Complaint.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

## SEVENTH CLAIM FOR RELIEF:
## QUANTUM MERUIT

72.     Defendants repeat and reallege the answers set forth in paragraph 1 through 72 of the

Answer, as fully set forth herein.

73.     Deny the allegations contained in paragraph 73 of the Complaint.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Defendants' alleged violation of the FLSA and/or New York Labor Law was not willful.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for relief is barred, in whole or in part, by reasons of equity, including but not limited to the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants have paid all monies owed to Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of his claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot bring a spread of hours claim pursuant to New York Labor Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants had neither actual nor constructive knowledge that the Plaintiff suffered or was permitted to work during hours for which he did not receive compensation to which he now claims to be entitled.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to individual liability against Frank Anelante, Christopher T. Anelante, George Schlavis, Rose Santo or Maria Almanzar.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to waiver.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no private right of action to enforce the recordkeeping and notice

requirements in the FLSA and the New York Labor Law.


**WHEREFORE**, Defendants' request that the Complaint be dismissed in its entirety, and that

Defendants be awarded reasonable attorneys' fees and costs in defending this action and such other

and further relief as the Court deems just and proper.

Dated: July 12, 2007
      New York, New York


                              Respectfully submitted,

                              CLIFTON BUDD & DeMARIA, LLP
                              Attorneys for Defendants

                              By: _____
                                   Daniel C. Moreland (DM-2672)
                                   420 Lexington Avenue, Suite 420
                                   New York, New York 10170-0089
                                   (212) 687-7410

                                   Howard I. Rothschild (HR-6008)
                                   Co-Counsel for Defendants
                                   292 Madison Avenue, 16th Floor
                                   New York, New York 10017
                                   (212) 889-4100

G:\DCM\LITIG\83 Post Ave. Assoc\ANSWER.070607.doc